UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Xayasack Ratsamy, | Civil No. 07-3379 (PAM/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| United States Department of Agriculture through its agency the Food and Nutrition Service | |
| and | |
| Ed Shafer, in his official capacity as Secretary of Department of Agriculture, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Court grants the Motion and dismisses this action with prejudice.

**BACKGROUND**

Plaintiff Xayasack Ratsamy ("Ratsamy") owns the New Orient Market in Minneapolis, Minnesota. In 2004, Defendant Food and Nutrition Service ("FNS") notified Ratsamy that his store was being permanently disqualified from participating in the Food Stamp Program because he had engaged in illegal food-stamp trafficking. See 7 C.F.R. §§ 271.2, 278.6. Ratsamy appealed the determination administratively. After the parties resolved a separate action involving Freedom of Information Act allegations, an Administrative Review Officer affirmed the disqualification on June 18, 2007. The last page of the officer's decision stated:

> Your attention is called to Section 14 of the Food Stamp Act (7 U.S.C. 2023) and to Section 279.7 of the Regulations (7 CFR § 279.7) with respect to your right to a judicial review of this determination. Please note that if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which you reside or are engaged in business, or in any court of record of the State having competent jurisdiction. If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

(Supp. Mem. Ex. A.)

On July 18, 2007, Ratsamy commenced this action against the "United States Department of Agriculture, through its agency the Food and Nutrition Service" seeking de novo review. (Compl.) In filing this Motion to Dismiss, Defendants contend that the Court lacks subject-matter jurisdiction over the action because Ratsamy failed to commence the action against the United States of America. See Fed. R. Civ. P. 12(b)(1).

**DISCUSSION**

**A.    Standard of Review and Relevant Law**

A store participating in the Food Stamp Program that "feels aggrieved" by an agency determination "may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business." 7 U.S.C. § 2023(a)(13). The United States Department of Agriculture's ("USDA") Food Stamp Program regulations contain nearly identical language. See 7 C.F.R. § 279.7(a).

In enacting § 2023(a)(13), Congress effected a waiver of sovereign immunity and consented to the United States of America being sued; accordingly, "the terms of that waiver and consent must be strictly construed [and] [e]xceptions to the sovereign immunity are not

to be implied." Calderon v. U.S. Dep't of Agric., Food & Nutrition, 756 F. Supp. 181, 183 (D.N.J. 1990) (citing Block v. North Dakota, 461 U.S. 273, 287 (1983)).  "[S]trict compliance with the precise terms of the congressional waiver is considered to be a jurisdictional requirement for the court to entertain the suit." Id.  Therefore, dismissal is required if the Court determines that it lacks subject-matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1), (h)(3).  Because the statute's thirty-day deadline is jurisdictional, it may not be equitably tolled. Reason v. Heslin, 723 F. Supp. 1309, 1311 (S.D. Ind. 1989).

**B.     Merits**

It is undisputed that Ratsamy commenced an action against the United States Department of Agriculture and its agency FNS, and not against the United States of America. Therefore, Defendants contend that dismissal is required because Ratsamy has failed to comply with 7 U.S.C. § 2023(a)(13).  In response, Ratsamy argues that 7 C.F.R. § 279(a) "does not exclude the possibility of suing the 'United States' by way of naming an agency of the United States as the Defendant," that 7 C.F.R. § 279(b) makes reference to a summons and complaint being served on an agency, and that his "constitutional claims are not subject to the particular requirements of 7 C.F.R. 279."  (Pl.'s Opp'n Mem. at 3-4.)

The fact that the regulation does not rule out suit against the United States is irrelevant where as here there must be strict compliance with the statute that Congress enacted as part of the waiver of sovereign immunity. Calderon, 756 F. Supp. at 183.  Ratsamy has not complied with 7 U.S.C. § 2023(a)(13) by filing a complaint against the United States. Further, his reading of § 279(b) is incomplete.  The regulation reads in its entirety:

3

> Service of the summons and complaint in any such action shall be made in accordance with the rules of civil procedure for the U.S. district courts. The copy of the summons and complaint required by the rules to be served on the agency whose order is being attacked shall be sent by using any delivery method as long as the method provides evidence of delivery to the person in charge of the applicable regional office of FNS.

Because suit against the agency is not permitted, service on the agency was not required. Therefore, 7 C.F.R. § 279(b) is inapplicable as it applies to service on an agency.

Ratsamy's constitutional claim is that he "has been deprived of a property right without process of law." (Compl. ¶ 12.) However, he has alleged no facts that begin to explain how and why the process outlined in the relevant statutes and regulations fails to meet constitutional requirements. The claim does not include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Therefore, even if the Court had jurisdiction over this claim, it must be dismissed. Fed. R. Civ. P. 12(b)(6).

As numerous courts have concluded, Ratsamy's failure to comply with § 2023(a)(13) requires the Court to dismiss this action. See Calderon, 756 F. Supp. at 183; Hassan v. USDA Food & Nutrition Service, Civ. No. 04-29 (D. Minn. Feb. 12, 2004) (Rosenbaum, J.) (Docket No. 10);[1] Mused d/b/a Sycamore Food Mart v. United States of America-Dep't of Agric.-Food & Nutrition Service, 169 F.R.D. 28, 31 (W.D.N.Y. 1996); Qua v. Food &

---

[1] In ruling from the bench, Judge Rosenbaum concluded that when a plaintiff maintains an action against Food and Nutrition Service instead of the United States of America, this error is "fatal to the plaintiff's attempt to seek judicial review of the administrative review officer's decision." Tr. at 40:8-14 (Supp. Mem. Ex. B).

Nutrition Service, No. 90-C-106, 1990 WL 44654, at *1 (N.D. Ill. Apr. 9, 1990); Martin's Food & Liquor v. U.S. Dep't of Agriculture, 702 F. Supp. 215, 216 (N.D. Ill. 1988) ("Although the USDA is an agency of the United States government, government agencies do not merge into a monolith, at least not in the litigation context.") (internal quotation omitted).  Because the deficiencies in this action are jurisdictional and the time for curing them has elapsed, see Reason, 723 F. Supp. at 1311, dismissal with prejudice is required.

**CONCLUSION**

By commencing an action to seek review of his disqualification from the Food Stamp Program, Ratsamy failed to follow the strict statutory procedures that Congress enacted when permitting actions of this type.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Docket No. 8) is **GRANTED**; and

2. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 2, 2008

                s/ Paul A. Magnuson
                Paul A. Magnuson
                United States District Court Judge